UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Irene Burdalas,

                Plaintiff,    Case No. 15-cv-11980
                                   Hon. Judith E. Levy
v.                                   Mag. Judge Elizabeth A. Stafford

Experian Information Solutions,
Inc., *et al.*,

                Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [25] AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [27]

This is a Fair Credit Reporting Act ("FCRA") case in which plaintiff Irene Burdalas claims that defendant Experian Information Solutions, a credit reporting agency, failed to conduct a reasonable reinvestigation into her second dispute of information contained within a trade line in violation of 15 U.S.C. § 1681i. Pending are cross-motions for summary judgment. (Dkts. 25, 27.) The Court determines that oral argument is not necessary pursuant to E.D. Mich. Local R. 7.1(f)(2).

## I.  Background

The parties do not dispute the material facts at issue in this case. On October 3, 2014, plaintiff received a collections notice from Enhanced Recovery Company, LLC ("ERC"), identified with account number XXXXXXXXX9102 and reference number 109525611. (Dkt. 27-5.) On January 28, 2015, plaintiff sent defendant a dispute letter that stated:

I dispute the following:

- Enhanced Recovery Company, LLC, Account Number Ending in 9102 regarding a debt allegedly owed to Comcast Cable. You are reporting this trade line on my credit report stating that I owe $255. This is false as I do not owe any money to Comcast. I was previously late on my bill with Comcast but I have brought that bill current and do not owe them anything. Please see my attached Billing & Payments printout from Comcast for service from November 2, 2014 through December 1, 2014 showing that I do not any balance to Comcast. Credit Protection Association, a debt collector, previously placed a trade line on my credit report regarding this debt allegedly owed to Comcast Cable but has removed it and now Enhanced Recovery Company is being reported on my credit report. Please remove this trade line from my credit report.

Please send me results of the dispute.

Thank you.

(Dkt. 25-3 at 2.) Attached to the letter was a Comcast billing statement showing no payment due. (Id. at 3-4.)

Shortly thereafter, defendant determined that it could not delete the disputed trade line, and so initiated a reinvestigation directly with ERC. (Dkt. 25-2 at 3.) Defendant did this by sending ERC an "A/CDV," an electronic verification form, and plaintiff's letter and attachment. (Id.) ERC responded to defendant's inquiry by verifying that the trade line information was accurate, and defendant retained the trade line on plaintiff's file. (Id. at 4.)

Defendant notified plaintiff of the results of its reinvestigation on February 11, 2015. (Id.) In reinvestigating the trade line, defendant referred to the trade line plaintiff was disputing using a different number: 109525611, the trade line's reference number, rather than the account number ending in 9120. (Dkt. 27-7 at 4.) Defendant included this reference number in its February 11, 2015 communication to plaintiff. (Id.)

On February 24, 2015, plaintiff sent defendant a second dispute letter that stated:

3

I dispute the following:

- Enhanced Recovery Company, LLC, Account Number 109525611 regarding a debt allegedly owed to Comcast Cable. You are reporting this trade line on my credit report stating that I owe $255. This is false as I do not owe any money to Comcast. I was previously late on my bill with Comcast but I have brought that bill current and do not owe them anything. Please see my attached Billing & Payments printout from Comcast for service from November 2, 2014 through December 1, 2014 showing that I do not any balance to Comcast. Credit Protection Association, a debt collector, previously placed a trade line on my credit report regarding this debt allegedly owed to Comcast Cable but has removed it and now Enhanced Recovery Company is being reported on my credit report. Please remove this trade line from my credit report.

Please send me results of the dispute.

Thank you.

(Dkt. 25-4 at 2.) Attached to this letter was the same Comcast billing statement provided with plaintiff's prior dispute letter. (Id. at 3-4.) On March 19, 2015, defendant notified plaintiff that it would not reinvestigate her dispute because she failed to provide "additional relevant information . . . that was not presented when [she] previously disputed the information[.]" (Dkt. 27-9 at 2.)

On April 9, 2015, plaintiff filed suit against defendant, ERC, and two other credit reporting agencies in Michigan state court, alleging negligent and willful violation of the FCRA. (Dkt. 1-1.) On June 2, 2015, the case was timely removed to this Court. (Dkt. 1.) All other defendants have been dismissed from this case. On January 15, 2016, defendant filed a motion for summary judgment. (Dkt. 25.) On January 22, 2016, plaintiff filed a combined motion for summary judgment and response to defendant's motion for summary judgment. (Dkt. 27.) The motions are now fully briefed.

## II. Legal Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248. The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v.*

*Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.,* 305 F.3d 520, 526 (6th Cir.2002)).

### III. Analysis

Under the FCRA, credit reporting agencies such as defendant are required, "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly . . . of such dispute, [to], free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(A).

Plaintiff claims that defendant negligently and willfully violated this provision of the FCRA by failing to properly reinvestigate her February 24, 2015 dispute of the ERC trade line. (Dkt. 1-1 at 11-12.) Defendant argues that, under 15 U.S.C. § 1681i(a)(3)(A), it was not required to reinvestigate that second dispute because the dispute was

6

"frivolous or irrelevant, including . . . failure by [plaintiff] to provide sufficient information to investigate the disputed information." In particular, defendant states that the second dispute provided no new substantive information that was not included in the first dispute, and that plaintiff's failure to provide new information rendered the dispute frivolous.

In 1970, the Federal Trade Commission issued an official commentary on this section of the FCRA, in which it stated that a credit reporting agency such as defendant "is not required to repeat a reinvestigation that it has previously conducted simply because the consumer reiterates a dispute about the same item of information, unless the consumer provides additional evidence that the item is inaccurate or incomplete, or alleges changed circumstances." FTC Official Staff Commentary on the FCRA, 16 C.F.R. § 611.11 (1970); *see also Omar v. Experian Info. Sol.*, Case No. 10-cv-01047, 2012 WL 2930778, at *6 (S.D. Ind. July 18, 2012) (holding that a plaintiff providing a signed affidavit, contact information for the creditor, and an explanation that the creditor would not have documentation supporting the alleged debt was not new substantive information and defendant

7

had no duty to reinvestigate); *McCelland v. Experian Info. Sol.*, Case No. 04-c-5686, 2006 WL 2191973, at *6 (N.D. Ill. July 28, 2006) (holding that three successive letters repeating the same assertions with no additional information did not trigger a duty by defendant to reinvestigate).

Here, the only difference between plaintiff's first and second disputes is the inclusion of the ERC reference number, which defendant used in processing her first dispute, in her second dispute letter. Otherwise, the dispute letters are identical and include the same Comcast bill as a supporting attachment. Plaintiff argues that these disputes are substantively different, however, because each "concern[s] different ERC account numbers." (Dkt. 27 at 14.)

Plaintiff does not contend that there were two ERC trade lines, or that there was any substantive difference between the alleged debt ERC attempted to collect under the account number contained in the first dispute and the reference number contained in the second dispute. Instead, plaintiff appears to argue that after she notified defendant of her dispute using the ERC account number, defendant investigated the dispute under the ERC reference number, and sent her those results.

8

(Id. at 15-16.) Based on this, plaintiff contends that she actually submitted a different dispute to defendant the second time by using the reference number relied on in the first investigation, and that her second dispute was therefore not a repetitive request for a reinvestigation.

The collection notice plaintiff received contained both an account number ending in 9102 and a reference number of 109525611. (Dkt. 27-5.) Plaintiff's first dispute referred to the account number ending in 9102, while defendant's reinvestigation ultimately used the reference number listed two lines below the account number on the notice plaintiff received from ERC. (Dkt. 27-5.) Plaintiff and defendant each referred to the trade line using numbers that had been clearly associated with the trade line since plaintiff received notice of it. Accordingly, defendant's reinvestigation of plaintiff's first dispute undeniably concerned the trade line she was disputing in her first letter – the only trade line at issue in this case.

The issue, then, is whether plaintiff's second dispute letter, which used the reference number contained in both the October 2014 collections notice (Dkt. 27-5) and in defendant's February 2015 letter

9

concerning the results of its first reinvestigation (Dkt. 27-7), provided any additional information that the alleged debt was inaccurate. It did not.

Plaintiff's second dispute letter was identical to her first letter with the sole exception of the number she used to refer to the ERC trade line. Defendant already possessed knowledge of the reference number contained in the second dispute letter, because it used that number to reinvestigate the first dispute. (*See* id.) Even if the Court were to consider the reference number new information (which it was not), it was not new information that would show the ERC trade line was inaccurate. It was instead a different way of identifying the same trade line that defendant had previously reinvestigated.

Plaintiff provided no new substantive information to defendant in her second dispute letter that would show that the ERC trade line was inaccurate. Accordingly, defendant had no duty to conduct a second reinvestigation, because the dispute was frivolous under the meaning of 15 U.S.C. § 1681i(a)(3)(A), and plaintiff's claims of negligent and willful violation of the FCRA by defendant must be dismissed.

## IV. Conclusion

For the reasons set forth above, it is hereby ordered that:

Defendant's motion for summary judgment (Dkt. 25) is GRANTED;

Plaintiff's motion for summary judgment (Dkt. 27) is DENIED; and

This case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: February 17, 2016          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 17, 2016.

                                  s/Felicia M. Moses
                                  FELICIA M. MOSES
                                  Case Manager